**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

FREDERICK NOERDLINGER
Plaintiff, Pro Se
10389 Saint James Pl
Truckee, CA 96161-1206

Case: 1:26–cv–04044
Assigned To : Nichols, Carl J.
Assign. Date : 11/11/2026
Description: FOIA/Privacy Act (I–DECK)

v.

NATIONAL PARK SERVICE
and
U.S. DEPARTMENT OF THE INTERIOR
Defendants.

Civil Action No.: _______________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

## NATURE OF ACTION

1. Plaintiff Frederick Noerdlinger brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain agency records requested in two separate FOIA submissions concerning the White House East Wing ballroom project and two historic Southern magnolia trees.

2. The two requests are DOI-2027-000172 (FOIA #1), submitted October 5, 2026, and DOI-2027-000322 (FOIA #2), submitted October 7, 2026.

3. Plaintiff seeks a determination, an adequate search, and production of all nonexempt responsive agency records for both requests. No claim concerning Plaintiff's other FOIA requests is asserted in this action.

## JURISDICTION AND VENUE



RECEIVED
NOV 11 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B), which authorizes a FOIA action in the District of Columbia.

**PARTIES**

6. Plaintiff Frederick Noerdlinger is an individual residing in California and is the requester for both FOIA requests at issue.

7. Defendant National Park Service (NPS) is a bureau of the U.S. Department of the Interior and the federal agency component from which Plaintiff sought the records.

8. Defendant U.S. Department of the Interior (DOI) is a federal agency whose FOIA submission and tracking system received and assigned the two requests.

**FOIA #1 — HISTORIC MAGNOLIA REMOVAL AND DISPOSITION**

9. On October 5, 2026, Plaintiff submitted FOIA #1 through DOI’s electronic FOIA system.

10. FOIA #1 requested records sufficient to establish the final disposition of two historic Southern magnolias formerly located near the White House East Wing: the Franklin D. Roosevelt Southern Magnolia and the Warren G. Harding Southern Magnolia.

11. The request sought records sufficient to identify the date each tree was removed and the person, NPS crew, contractor, or other entity that performed each removal.

12. It also sought records sufficient to identify where trunks, branches, wood, or other tree material were transported, stored, preserved, milled, disposed of, or otherwise placed.

13. The request further sought records sufficient to determine whether seeds, cuttings, scions, seedlings, wood, or other material were retained for preservation or propagation and where such material was maintained or sent.

14. The requested search period was August 1 through December 31, 2025. The request sought records sufficient to answer the specified questions rather than all correspondence concerning the trees.

15. DOI assigned the request control number DOI-2027-000172. Its status portal lists October 5, 2026 as the received date, November 3, 2026 as the estimated delivery date, and “Received” as the status on November 11, 2026.

16. As of November 11, 2026, Plaintiff had received no substantive determination, notice of unusual-circumstances extension, request for clarification, or fee-related tolling notice concerning FOIA #1. The portal displayed zero inbox messages.

17. After the ordinary response period had expired, Plaintiff sent a follow-up inquiry concerning FOIA #1 on November 4, 2026. Defendants did not respond to that inquiry. As of November 11, 2026, Plaintiff had received neither a response to the follow-up nor a substantive determination on FOIA #1.

18. An estimated delivery date in the DOI portal is not itself a statutory determination or a statutory extension.

**FOIA #2 — EARLY NPS PLANNING AND COORDINATION**

19. On October 7, 2026, Plaintiff submitted FOIA #2 concerning NPS early planning and coordination for the White House ballroom/East Wing project.

20. The request identified a search period of March 1 through August 18, 2025 and referred to NPS liaison John Stanwich’s December 15, 2025 declaration describing coordination with Executive Residence staff beginning in early spring 2025.

21. FOIA #2 sought records sufficient to identify planning and coordination meetings referenced by Stanwich, including meeting dates, participants, subjects, and materials presented or reviewed.

22. It sought records establishing the earliest date NPS received or reviewed information identifying the project’s proposed size, location, or physical footprint.

23. It sought records establishing the earliest date NPS received or reviewed information indicating that all or part of the East Wing or East Colonnade would be demolished, deconstructed, or replaced.

24. It sought records establishing the earliest date NPS received or reviewed information showing effects on landscaping or vegetation, including communications with White House

Grounds personnel, including Dale Haney, about evaluation, preservation, relocation, propagation, removal, or scheduling of vegetation work.

25. It sought plans, drawings, renderings, presentations, site plans, landscape plans, surveys, photographs, and related records sufficient to establish the above information and identify when and by whom such materials were transmitted to or from NPS.

26. It also sought records sufficient to identify whether photographs or other visual documentation of the East Wing, East Front, Kennedy Garden, or vegetation created by NPS or White House Historical Office photographers, including Kelsey Graczyk or Nathan King, were requested, transmitted, or reviewed by project planners, including dates, senders, recipients, and purposes.

27. FOIA #2 requested targeted records sufficient to establish the early NPS planning chronology rather than all correspondence concerning the ballroom project. It identified relevant NPS personnel and shared records as potential search locations and requested segregable nonexempt portions.

28. DOI assigned control number DOI-2027-000322. Its status portal lists October 7, 2026 as the received date, November 5, 2026 as the estimated delivery date, and “Received” as the status on November 11, 2026.

29. As of November 11, 2026, Plaintiff had received no substantive determination, notice of unusual-circumstances extension, request for clarification, or fee-related tolling notice concerning FOIA #2. The portal displayed zero inbox messages.

30. After the ordinary response period had expired, Plaintiff sent a separate follow-up inquiry concerning FOIA #2 on November 6, 2026. Defendants did not respond to that inquiry. As of November 11, 2026, Plaintiff had received neither a response to the follow-up nor a substantive determination on FOIA #2.

## TIMELINESS AND ADMINISTRATIVE EXHAUSTION

31. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency ordinarily must make and communicate a determination within 20 working days after receipt by the appropriate component, subject to applicable statutory provisions.

32. The DOI portal records October 5, 2026 and October 7, 2026 as the respective receipt dates. Counting 20 working days from the day following each receipt date, excluding weekends and the October 12 federal holiday, yields November 3, 2026 for FOIA #1 and November 5, 2026 for FOIA #2, assuming receipt by the appropriate agency component on the portal dates and no statutory extension or tolling.

33. Plaintiff has received no legally sufficient determination on either request and, to his knowledge, no written notice invoking an unusual-circumstances extension or lawful tolling.

34. Because the statutory periods elapsed without a determination, Plaintiff has constructively exhausted administrative remedies as to each request under 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I — FOIA #1**

35. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

36. Defendants have failed to make and communicate a timely legally sufficient determination concerning DOI-2027-000172, and Plaintiff seeks appropriate relief under FOIA.

37. Plaintiff is entitled to an adequate search and production of all responsive nonexempt agency records, subject to lawful exemptions and segregability.

**COUNT II — FOIA #2**

38. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

39. Defendants have failed to make and communicate a timely legally sufficient determination concerning DOI-2027-000322, and Plaintiff seeks appropriate relief under FOIA.

40. Plaintiff is entitled to an adequate search and production of all responsive nonexempt agency records, subject to lawful exemptions and segregability.

**PRAYER FOR RELIEF**

A. Declare that Defendants have unlawfully failed to make timely determinations on FOIA requests DOI-2027-000172 and DOI-2027-000322;

B. Order Defendants to conduct adequate searches reasonably calculated to locate responsive agency records for each request;

C. Order Defendants to promptly produce all responsive nonexempt records and reasonably segregable portions, subject to a schedule set by the Court;

D. Require Defendants to identify and justify any claimed exemptions or withholdings as required by FOIA;

E. Award Plaintiff any recoverable litigation costs under 5 U.S.C. § 552(a)(4)(E), to the extent authorized; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: November 11, 2026

Respectfully submitted,

Frederick Noerdlinger, Plaintiff Pro Se
10389 Saint James Pl
Truckee, CA 96161-1206
Telephone: 530-559-8542
Email: fntahoe@gmail.com